NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2062-15T3

KATHARINE LAI,

 Plaintiff-Appellant,

v.

SAM SHIMONI and
AIR-O-MATIC INC.,

 Defendants-Respondents.
____________________________

 Submitted May 10, 2017 – Decided June 6, 2017

 Before Judges Simonelli and Carroll.

 On appeal from the Superior Court of New
 Jersey, Law Division, Middlesex County, Docket
 No. L-3123-15.

 Katharine Lai, appellant pro se.

 Meister Seelig & Fein LLP, attorneys for
 respondents (Jeffrey Schreiber, on the brief).

PER CURIAM

 Plaintiff Katharine Lai appeals from two December 4, 2015 Law

Division orders, which denied her motion for reconsideration of

an October 30, 2015 order that denied her motion to enter default

against defendants Sam Shimoni (Shimoni) and Air-O-Matic Inc.
(AOMI),1 and granted defendants' cross-motion to dismiss the

complaint and for sanctions. Lai also appeals from the January

13, 2016 judgment entered against her in the amount of $11,620.80

for frivolous lawsuit sanctions. We affirm.

 We derive the following facts from the record. Fantastic

Realty Co., Inc. (Fantastic) owned property located at 308 Raritan

Avenue in Highland Park (the property) from July 23, 2001, to

January 2, 2004, and re-acquired ownership on October 25, 2007.

Lai previously owned the property, but was merely the property

manager at all times relevant to this matter.

 On August 16, 2012, Fantastic, as landlord, and AOMI, as

tenant, through their respective agents Lai and Shimoni, entered

into a lease agreement for AOMI to rent two parking garage spaces

at the property for a term of five years at the rate of $100 per

month. Lai did not dispute that AOMI timely made all rent payments

to Fantastic. On January 30, 2015, Golden Eagle Foundation, Inc.

(Golden Eagle) acquired the property from Fantastic. Plaintiff

advised AOMI to make all future rent payments to Golden Eagle,

which Lai did not dispute occurred. Sometime thereafter, Lai

demanded that AOMI pay $200 per month, alleging it was using

1
 We shall sometimes collectively refer to Shimoni and AOMI as
defendants.

 2 A-2062-15T3
additional parking spaces. AOMI refused to pay the additional

amount, as it was not required under the lease.

 On May 29, 2015, Lai filed a pro se complaint against Shimoni

and AOMI, alleging fraud, negligence, violations of the New Jersey

Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, and the

Americans With Disabilities Act (ADA), 42 U.S.C.A. § 12101, based

on sex, age, national origin, disability, and discriminatory

negligence. Lai also alleged violations of 42 U.S.C.A. § 1981,

and 42 U.S.C.A. § 1983. Lai did not dispute that she served a

copy of the summons and complaint on defendants' former attorney,

not defendants. The record does not reveal that the attorney had

the authority or agreed to accept service on defendants' behalf.

 In September 2015, Lai filed a motion to enter default against

defendants. On September 24, 2015, defendants' then-attorney sent

Lai a notice pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1,

stating the complaint was frivolous, demanding it be withdrawn

within twenty-eight days, and advising that defendants would seek

sanctions if Lai failed to withdraw (the safe harbor notice). On

October 14, 2015, defendants filed a cross-motion to dismiss the

complaint with prejudice pursuant to Rule 4:6-2(e) for failure to

state a claim upon which relief may be granted.

 In an October 30, 2015 order and written opinion, the court

denied Lai's motion, finding that defendants were not served with

 3 A-2062-15T3
the summons and complaint. The court granted defendants' cross-

motion, finding that Lai lacked standing to sue because she did

not own the property, she failed to plead sufficient facts to

support any of her claims, and no cause of action existed for

negligent discrimination.

 Lai did not appeal from the October 30, 2015 order. Instead,

she filed a motion for reconsideration. In a December 4, 2015

order and written opinion, the court denied the motion based on

Lai's failure to provide legal or factual reasons that warranted

reconsideration. The court reiterated that plaintiff lacked

standing to sue because she did not own the property and could not

represent a corporation under the applicable Rules of Court.

 Defendants filed a cross-motion for sanctions pursuant to

Rule 1:4-8 and N.J.S.A. 2A:15-59.1. In a separate December 4,

2015 order and written opinion, the court granted the cross-motion,

finding as follows:

 Lai's motion [for reconsideration was]
 utterly devoid of merit. There was no
 reasonable or rational basis to reconsider the
 court's prior decision. Moreover, the motion
 [was] procedurally defective because it
 fail[ed] to state the matters or controlling
 decisions which were overlooked.

 The [c]ourt finds that the application
 is frivolous and warrants sanctions under Rule
 1:4-8(a)(1). From the papers submitted, the
 [c]ourt finds that . . . Lai is a sophisticated
 and experienced litigant who is attempting to

 4 A-2062-15T3
 manipulate the court system with the filing
 of frivolous motions and claims.[2] In this
 case, the property is apparently owned by a
 corporation and not by . . . Lai. Yet, she
 persists to make claims in her own name and
 without an attorney representing the
 corporation.

The court directed defendants' attorney to submit a certification

of services.

 Defendants' attorney submitted a certification of services

requesting fees in the amount of $11,620.80. The certification

complied with Rules of Professional Conduct 1.5(a) (R.P.C. 1.5(a))

and was supported by the attorney's billing statements. In her

opposition, Lai did not dispute that she received the safe harbor

notice, and did not challenge the reasonableness of the hours

defendants' attorney claimed he expended, the hourly rates, or the

amount sought. She merely argued that defendants' attorney failed

to produce a signed retainer agreement or defendants' cancelled

checks showing payment. On January 13, 2016, the court entered

judgment against Lai in the amount of $11,620.80. This appeal

followed.

 "[T]he decision to grant or deny a motion for reconsideration

rests within the sound discretion of the trial court." Pitney

2
 In support of their motion for frivolous lawsuit sanctions,
defendants presented evidence that plaintiff filed numerous pro
se complaints in State and federal court.

 5 A-2062-15T3
Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378,

383 (App. Div. 2015). "Reconsideration should be used only where

'1) the [c]ourt has expressed its decision based upon a palpably

incorrect or irrational basis, or 2) it is obvious that the [c]ourt

either did not consider, or failed to appreciate the significance

of probative, competent evidence.'" Ibid. (quoting Capital Fin.

Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299,

310 (App. Div.), certif. denied, 195 N.J. 521 (2008)). Thus, we

will not disturb a trial court's reconsideration decision unless

it represents a clear abuse of discretion. Ibid. (citing Hous.

Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). An

abuse of discretion "arises when a decision is 'made without a

rational explanation, inexplicably departed from established

policies, or rested on an impermissible basis.'" Flagg v. Essex

Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-

Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265

(7th Cir. 1985)). There was no abuse of discretion in the denial

of the motion for reconsideration.

 Lai makes no comprehensible argument warranting reversal of

the denial of her motion for reconsideration. Like this appeal,

her motion for reconsideration was devoid of any factual or legal

basis for reconsideration. We are satisfied that the court

 6 A-2062-15T3
appropriately exercised its discretion to deny reconsideration and

discern no basis to disturb that decision.

 We also discern no basis to reverse the grant of frivolous

lawsuit sanctions. We review a trial's judge's award of attorney's

fees pursuant to Rule 1:4-8 for abuse of discretion. McDaniel v.

Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011). We will

reverse a judge's decision to award attorney's fees pursuant to

Rule 1:4-8 "only if it 'was not premised upon consideration of all

relevant factors, was based upon consideration of irrelevant or

inappropriate factors, or amounts to a clear error in judgment.'"

Ibid. (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App.

Div. 2005)). There was no abuse of discretion in the grant of

frivolous lawsuit sanctions.

 A party may apply for frivolous litigation sanctions by

"describ[ing] the specific conduct alleged to have violated" the

rule against frivolous litigation. R. 1:4-8(b)(1). Prior to

making such an application, the party seeking sanctions must

provide the other party with a notice that must:

 (i) state that the paper is believed to
 violate the provisions of [Rule 1:4-8], (ii)
 set forth the basis for that belief with
 specificity, (iii) include a demand that the
 paper be withdrawn, and (iv) give notice,
 except as otherwise provided herein, that an
 application for sanctions will be made within
 a reasonable time thereafter if the offending

 7 A-2062-15T3
 paper is not withdrawn within 28 days of
 service of the written demand.

 [R. 1:4-8(b)(1).]

Defendants complied with Rule 1:4-8(b)(1).

 The court may award "reasonable" expenses and attorney's fees

to the prevailing party on a motion for frivolous lawsuit

sanctions. R. 1:4-8(b). In order to establish reasonableness,

the moving party's attorney must submit an affidavit of services

that complies with R.P.C. 1.5(a). The affidavit of services must

also include "a detailed statement of the time spent and services

rendered by paraprofessionals, a summary of the paraprofessionals'

qualifications, and the attorney's billing rate for

paraprofessional services to clients generally[,]" and a statement

as to how much the client had paid, and "what provision, if any,

has been made for the payment of fees to the attorney in the

future." R. 4:42-9(b) and (c). There is no requirement that an

attorney submit a signed retainer agreement or proof of his

client's payment. Defendants' attorney's certification of

services complied with Rule 4:42-9(b) and (c), and Lai did not

dispute the reasonableness of the hours the attorney claimed he

expended, the hourly rates, or the amount sought.

 Litigation is considered frivolous when it is "commenced,

used or continued in bad faith, solely for the purpose of

 8 A-2062-15T3
harassment, delay or malicious injury" or if the party "knew, or

should have known, that the complaint, counterclaim, cross-claim

or defense was without any reasonable basis in law or equity and

could not be supported by a good faith argument for an extension,

modification or reversal of existing law." N.J.S.A. 2A:15-

59.1(b). A motion for sanctions under Rule 1:4-8 will be denied

where the pleading party had an objectively reasonable and good

faith belief in the merit of the claim. See First Atl. Fed. Credit

Union v. Perez, 391 N.J. Super. 419, 433 (App. Div. 2007); K.D.

v. Bozarth, 313 N.J. Super. 561, 574-75 (App. Div.), certif.

denied, 156 N.J. 425 (1998); Pressler & Verniero, Current N.J.

Court Rules, comment 2 on R. 1:4-8 (2017). However, litigation

may become frivolous, and therefore sanctionable, by continued

prosecution of a meritless claim, even if the initial pleading was

not frivolous. DeBrango v. Summit Bancorp, 328 N.J. Super. 219,

227-28, 230 (App. Div. 2000). This is because the "requisite bad

faith or knowledge of lack of well-groundedness may arise during

the conduct of the litigation." United Hearts, L.L.C. v. Zahabian,

407 N.J. Super. 379, 390 (App. Div.), certif. denied, 200 N.J. 367

(2009) (citations omitted). In such cases, the party seeking

sanctions would only be entitled to fees and/or costs incurred

from the time the litigation became frivolous, rather than from

 9 A-2062-15T3
the beginning of the litigation. DeBrango, supra, 328 N.J. Super.

at 230.

 The litigation in this case was clearly frivolous. Lai lacked

standing to sue defendants, and she knew or should have known that

her claims had no reasonable basis in law or equity and could not

be supported by a good faith argument for an extension,

modification, or reversal of existing law. N.J.S.A. 2A:15-

59.1(b). Lai's claims were frivolous, and therefore sanctionable.

 Even if Lai had an initial objectively reasonable and good

faith belief in the merits of her claims, the litigation became

frivolous, and therefore sanctionable, when she continued

prosecuting meritless claims by moving for reconsideration.

Accordingly, the court properly granted defendants' motion for

frivolous lawsuit sanctions, and properly entered judgment in the

undisputed amount of $11,620.80.

 Affirmed.

 10 A-2062-15T3